Lomax, J.
delivered the opinion of the Court.
At common law the crown for the recovery of its debts, could issue executions against the persons, and the goods and profits of the lands, and the goods and chattels, and the lands, of its debtors. That is it might issue an execution of capias ad satisfaciendum, or of levari facias, or of fieri facias, or of extendi facias: And it might in one combine all these writs. In the case of a subject, whilst the writs of fieri facias and levari facias were the process of execution by which in all cases the judgments might be enforced, yet the subject also might have the execution of capias ad sat *704 isfaciendum in all recoveries for wrongs committed with force; and the extendi facias for recoveries against an heir for the debt of his ancestor. These executions, all °f them, existed at common law; and however the statute may have enlarged the number of cases to which some of them were made applicable, they were common law, not statutory, process: The writ of elegit was purely statutory. For the recovery of fines to the king, the usual process was against the person of the offender by capias pro fine, if he did not pay the fine which had been assessed, and against the goods and profits of the lands by levari facias. 2 Gab. 606 ; 1 Chit. Cr. L. 660. It is stated in the latter of these authorities that the imprisonment under the capias pro fine was, in respect of such fine, not as a debt but a punishment for the crime, until the fine was paid. It is true that a capias pro fine is an execution to compel the payment of the fine, as the capias ad satisfaciendum is to compel the payment of the debt. Notwithstanding that point of resemblance, these two species of process were never confounded in practice; and were kept signally distinct in the views of the legislature, in many provisions made relating to the operation and the incidents of a capias ad satisfaciendum. In the original structure of the two writs the levy of the ca. sa. was made a direct satisfaction of the debt; but in the frame of the writ of capias pro fine the imprisonment did not purport to be a satisfaction of the fine; it was a part of the punishment; and the fine still remained in full force and could only be redeemed by satisfaction of the fine whenever it might be made. The frame of the writs of ca. sa. in its teste and return and the interval between them was also distinguished from the other writ. The levy of the ca. sa. was attended with consequences that do not seem ever to have attended the imprisonment under the capias pro fine — such as the effect of a voluntary enlargement of the prisoner to dis *705 charge the debt — the effect and the liabilities arising out of an escape — the provisions enacted for the maintenance of the prisoner whilst in custody — the privilege of the prisoner to avail himself of the proceedings of insolvency under a ca. sa. which he did not have under the capias pro fine, (Chapman’s Case, 1 Va. Cas. 138,) and which required an express statute to entitle him to these proceedings, (Acts 1803, ch. 21, § 1; 1 Rev. Code 1819, p. 541) — and the privilege of the prisoner in Virginia to discharge his person from custody under the ca. sa. by making a surrender of property, thereby in effect converting the ca. sa. into a fi. fa. In all of these particulars a distinction is observable between the capias ad satisfaciendum and the capias pro fine ; and which never were wholly obliterated.
In some instances it will be seen in the books that a capias pro fine is a part of the judicial sentence pronounced by the Court; as in the old precedents of judgments in trespass, or wherever the action was properly commenced by capias ad respondendum. In this and in other instances the judgment, in addition to the damages adjudged to the plaintiff, awarded a capias pro fine to the king. In none of the authorities does it seem to be stated that there is any difference whether the award of the writ is expressly a part of the judgment, or is silently a consequence of the judgment— whether it be judicially awarded or ministerially issued.
The Commonwealth has always occupied the place of the crown, with its prerogatives as to all the legal remedies, not expressly taken away by statute. The co-existence of both these species of process was distinctly recognized and established by the case of Chapman, above referred to, and by the act of 1803 ; which was the consequence of that decision. The remedy by capias pro fine was not abolished by that act, because it destroyed one feature of distinction which existed between the two remedies. There is, therefore, no *706 ground for pronouncing that the two remedies did not exist in full force and all their distinctness when the Code of 1849 took effect. In that Code the mere omis- • sion, from whatever cause, to re-enact the provision contained in the act of 1803, continuing to the prisoner the privilege of insolvency, cannot upon any principle of statutory construction, take away the remedy to which that privilege had been made arf incident. Nor does it seem to be taken away merely because the severity of that process, as it existed at common law, may not seem entirely reconcilable with the spirit of many provisions of the Code which relieve the persons of our citizens from process of imprisonment. This remedy cannot be considered as abolished because the legislature has enacted that on a judgment for money there may be issued a writ of fieri facias or elegit; and that certain other process of execution, not including the capias, shall not issue. Code, p. 711. Nor will it, if existing before in full force, as has been shewn, any more be considered as abolished, because the other distinct process of capias ad satisfaciendum shall not, as enacted, p. 716, be issued or executed after that Code took effect. In none of these provisions of the new Code, therefore, does there seem a sufficient'warrant for the Court to pronounce that the capias pro fine has ceased to exist, with all the effects which attended the levy of that process.
In the present case, two of the writs of capias under which the petitioner was charged in custody, were merely for certain costs in prosecutions, how, or when, or under what circumstance's, does not appear. They are distinct from any prosecution in which there was a fine assessed and remained unpaid ; and the writs command that he shall be taken, &c., until he pay those costs. A capias pro fine in such a case, clearly cannot be proper process. In the other two writs which were issued, it was commanded that he be taken, &c., until *707 lie pay the fines and the costs awarded in the prosecutions respectively against the petitioner. If originally any question could be raised, whether upon a judgment for fine and costs, the costs could be included in the capias pro fine, that question seems to be settled by the provision in the Code, p. 783, which authorizes the clerk to include the costs in the execution which may be issued for the fine.
The Court is therefore of opinion, and doth decide, in answer to the question adjourned, 1st. That a capias ad satisfaciendum on behalf of the Commonwealth against a person convicted of a misdemeanor, upon a judgment against him for a fine and costs, cannot be issued ; but that for such fine and costs, though not for costs alone without the fine, there may be issued a capias pro fine, which, and not the capias ad satisfaciendum, appears by the record to have been the species of process that was issued in two of the cases. 2dly. That where a capias pro fine is issued for the fine and costs adjudged against the accused, and he is taken under that process, there is no means by which he can discharge himself without paying such fine and costs. Nevertheless, the term of his imprisonment under such capias is limited by the provision in the Code of 1849, chapter 209, sect. 17, p. 781.
Which is ordered to be certified to the Circuit court of Jackson county.
Leigh, J. dissented.